NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| ASA TYRELL HAMILTON, | ) |
| Petitioner, | ) Civil Action No. 7: 05-349-DCR |
| V. | ) |
| SUZANNE HASTINGS, Warden, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Asa Tyrell Hamilton, an individual currently incarcerated at the United States Penitentiary Big Sandy ("USP-Big Sandy") in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee. The matter is pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

### RESPONDENT

The named respondent is Suzanne Hastings, Warden of USP-Big Sandy.

### CLAIMS

The petitioner argues that the Bureau of Prisons (BOP) wrongly computes good conduct time credits for prisoners, including himself, and that he is serving a longer sentence than either Congress or his sentencing court intended. Specifically, he contends that under 28 U.S.C. §3624(b)(1), he is entitled to 54 days of Good Time Credit (GTC) for each year of the term of his imprisonment. In essence, the petitioner argues that his GTC should be calculated at a rate of 85% of the sentence imposed upon him, not at a rate of 85% of the time he has actually served. Construing the petition broadly, he alleges that the BOP's failure to award him the requested GTC violates his right to due process of law under the Fifth Amendment of the United States Constitution.[1]

### RELIEF REQUESTED

The petitioner seeks an earlier release date. He asks to Court to enter an order directing the respondent and/or the BOP to recalculate his GTC at a rate of 85% of the sentence imposed upon him, not at a rate of 85% of the time he has actually served.

### DISCUSSION

1. Proper Forum

---

1   The petitioner states that, on September 15, 1999, in the United States District Court for the Southern District of Iowa (the trial court), he pled guilty to a drug offense and to being a felon-in-possession of a firearm. He further avers that, on May 5, 2000, the trial court imposed a 120-month term of imprisonment for the drug offense and a 144-month term of imprisonment on the felon-in-possession charge. He states that the sentences are to run concurrently.

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

2. Petition Does Not State Claim for Relief

The petitioner has demonstrated through his attachments that he has complied with the BOP's administrative remedies as set forth in 28 C.F.R. §542.10-19 (1988). At all levels of the petitioner's administrative remedies, the BOP determined that through its administrative regulation, 28 C.F.R. §523.20, it had reasonably interpreted §3624(b) by awarding GTC of 54 days at the end of the actual service of each year. In denying the petitioner's BP-11 appeal on June 3, 2005, Harrell Watts, the Administrator of National Inmate Appeals, stated that:

> BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year. As each year of actual service ends, another deduction is made for the time served and good time conduct earned for the year. . . . The Bureau has reasonably interpreted this statute to require properly awarded good time conduct to be subtracted from the remainder of the sentence, not from the year already served.

[See Record No.1; Complaint, Exhibit F.]

The petitioner alleges that 18 U.S.C. §3624(b), which provides for awards of good conduct time to prisoners, allows an award of up to 54 days per year. However, he does not state how many days of GTC he either has or will be awarded by the BOP. However, based upon the legal argument the petitioner advances, and based upon the fact that he is serving a 144-month sentence, it would appear that he wants approximately 648 days of GTC to be applied to his sentence. Presumably, under the BOP's procedure of calculating GTC a rate of 85% of the time actually served, the petitioner either has or will be awarded GTC in some amount less that 54 days per year.

The petitioner asserts that the BOP's interpretation of the relevant statutory language is contrary to the intent of Congress and the plain language of the statute. He also argues that his interpretation is consistent with the remainder of the statute and, therefore, should be adopted by the Court. He cites cases from other jurisdictions which he argues support his legal theory. The petitioner argues that the BOP's allegedly incorrect misinterpretation of the statute creates a liberty issue, since he will be required to serve a much longer sentence than the term of imprisonment imposed (less good time credits) by the court. He essentially contends that the BOP's interpretation creates a legal fiction which does an injustice to him.

In short, this Court concludes that the petitioner's arguments lack merit. In a previous §2241 habeas petition filed in this Court, *Petty v. Stine*, London Civil Action No. 6: 05-63-DCR, petitioner Petty challenged the manner in which the BOP calculated good time credits. Petty raised the identical issue that Hamilton raises in this proceeding: that the BOP's calculation method deprives federal prisoners of several days of good time credit per year.

After reviewing this issue, the Court dismissed Petty's petition, noting that "a number of reported and unreported cases have upheld the BOP's method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005) (noting that the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S. D. N. Y. Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004)." [*See* 6: 05-63-DCR, Memorandum Opinion and Order, Record No.4, pp. 2-3.] [2]

On appeal, the Sixth Circuit affirmed this Court's dismissal of Petty's habeas petition in a succinct, published opinion dated September 21, 2005. The Sixth Circuit stated that:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19, 2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S.Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Petty v. Stine*, 2005 WL 2258042, *1.

---

2   The Court cited the following additional authorities regarding this issue: *Pasciuti v. Drew*, 2004 U.S. Dist. LEXIS 10352 (N.D.N.Y. June 2, 2004); *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 U.S.App. LEXIS 26112 (6th Cir. 2002); *Williams v. Lamanna*, 20 Fed. Appx. 360, 2001 U.S.App. LEXIS 20756 (6th Cir. 2001); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Carter v. Jeter*, 2005 WL 65960 (N.D. Tex. Jan. 11, 2005); *Whitfield v. Hollingsworth*, 2004 WL 3049763 (D.Minn. Dec. 30, 2004).

It is unnecessary for the Court to elaborate further on the petitioner's claim. The United States Court of Appeals for the Sixth Circuit rejected the same claim two months ago. For this reason, the Court dismisses Petitioner Hamilton's §2241 petition, with prejudice, as frivolous. Further, the Court will not certify that an appeal of this decision would be taken in good faith.

CONCLUSION

Accordingly, the Court being sufficiently advised, it is

**ORDERED** that this action is **DISMISSED**, with prejudice, *sua sponte*. Judgment shall be entered in favor of the respondent.

This 21st day of November, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge